**IT IS ORDERED as set forth below:**

Date: July 30, 2021

_____

Jeffery W. Cavender
U.S. Bankruptcy Court Judge

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>**CHRISTOPHER LEE JOHNSON,**<br>Debtor. | CHAPTER 7<br><br>CASE NO. 20-66516-JWC |

### ORDER

**THIS MATTER** is before the Court on the Third Motion to Dismiss for Clear and Unequivocal "Lack of Jurisdiction" and Motion to Dismiss for Clear and Unequivocal "Fraud upon the Court" (Doc. No. 34) (the "Motion") filed by *Pro Se* Creditor Veronica M. Johnson ("Movant"). The Court first held a hearing on the Motion on May 13, 2021, which was continued to June 3, 2021 (the "Hearing") to provide the parties an opportunity to present evidence on the

1

issues raised in the Motion. Debtor filed his Opposition to the Motion on May 26, 2021. (Doc. No. 40). Movant, the Chapter 7 Trustee, Debtor Christopher Johnson, and counsel for Debtor attended the Hearing.[1] Having considered the Motion, the Opposition, arguments of Movant and Debtor's counsel, testimony elicited at the Hearing, and the record in the bankruptcy case, the Court will deny the Motion for the following reasons.

I. FACTUAL BACKGROUND

    a. Case History other than Movant's Motions to Dismiss

Debtor filed the above-captioned bankruptcy case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code")[2] on May 19, 2020. Debtor listed Movant in Schedule E/F (Doc. No. 1) as a priority unsecured creditor with a claim of $293,000.00 for domestic support obligations. Debtor originally disclosed his sources of income from calendar years 2018 and 2019 as $32,280.00 per year in Social Security benefits. *Id.* Schedule I lists Debtor's monthly income as $2,690.00 in Social Security benefits. *Id.* Debtor listed his primary address as 913 Sandringham Drive, Alpharetta, GA 30004 (the "Alpharetta Address") but failed to disclose any other addresses for the three prior years. *Id.* The Bankruptcy Noticing Center (the "BNC") sent notice of the commencement of the case and the meeting of creditors to Movant at 166 Yorkshire Road, Portsmouth, VA 23701-2141, the address listed on Movant's Motion. (Doc. Nos. 8, 34).

The 341 meeting of creditors was held and concluded on June 23, 2020. The United States Trustee (the "UST") filed a statement on August 6, 2020, noting that the UST reviewed Debtor's materials and determined the case is not presumed to be an abuse under § 707(b)(2). The UST later filed a Motion to Extend Time to File a Motion to Dismiss Pursuant to 11 U.S.C. § 707 and

---

[1] Due to the ongoing Covid-19 pandemic, the hearing was conducted virtually with Debtor, Debtor's counsel, and the Trustee appearing virtually via WebEx and Movant appearing telephonically.

[2] Unless otherwise indicated, all statutory references contained herein are to the Bankruptcy Code.

2

an Objection to Discharge Pursuant to 11 U.S.C. § 727 on August 24, 2020. (Doc. No. 14). An order granting that extension to October 24, 2020, was entered on September 3, 2020. (Doc. No. 15). The Chapter 7 Trustee (the "Trustee") filed a statement on September 15, 2020, noting that he was investigating the possibility of recovery of assets in the case. The UST filed a second motion to extend time to file a motion to dismiss and an objection to discharge (Doc. No. 21), and a consent order granting a further extension through November 24, 2020, was entered on November 20, 2020. (Doc. No. 24). Thereafter, the UST did not move to dismiss the case, file an objection to discharge, or seek further extension of the deadline to seek such relief. On March 15, 2021, the Trustee entered a report of no distribution in the case, indicating:

> I have made diligent inquiry into the financial affairs of the debtor(s) and the location of property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed[.] R[.] Bank[r.] P[.] 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered.

b. Movant's Motions to Dismiss

Movant has filed three separate motions seeking dismissal of this case. She first filed a motion to dismiss for lack of jurisdiction on September 30, 2020, asserting that Debtor filed the case in the wrong forum. (Doc. No. 18). Movant contended that Debtor lives in Franklin, Tennessee, and that any bankruptcy case initiated by Debtor should have been filed in Tennessee. The Court held a hearing on that motion on November 5, 2020. At that hearing, Movant orally withdrew her motion to dismiss, specifically stating on the record that she was "waiving any question of jurisdiction." Instead, Movant acknowledged the advantageous position of her priority, nondischargeable claim and focused on identifying additional assets to pay her claim through the bankruptcy case. Nov. 5, 2021 Hr'g at 12:18:15-12:20:48 PM. Movant brought to the Court's and the Trustee's attention several assets she contended belonged to Debtor, and the Trustee at the

3

Document      Page 4 of 13

attached the bond release documents to the Motion as Exhibit A and argues these documents support her position that Debtor intentionally filed bankruptcy in an improper district. In his Opposition, Debtor asserts that he lived in Georgia at the Alpharetta Address for the two-year period preceding the commencement of his bankruptcy case, making this Court the proper venue for the bankruptcy case. Debtor also contends that the current Motion should be dismissed as untimely.

At the Hearing, Movant questioned Debtor regarding his statements in the bond release documents and the circumstances surrounding them. Debtor testified that on March 3, 2019, Debtor was arrested in Tampa, Florida by United States Customs on return from a cruise, and that members of the sheriff's office transported him from that location to Portsmouth, Virginia for arraignment. Debtor testified that at the time of signing the necessary documents associated with his arrest he was in distress. Debtor confirmed that the address listed on the bond release documents was 3001 Rush Street, Apartment 3306, Franklin, TN 37067 (the "Franklin Address") and that this address is also listed on his license. However, Debtor also testified that for two years preceding the commencement of his bankruptcy case, he continuously lived at the Alpharetta Address. Debtor stated that he had a contract for employment in Georgia, which prompted his move to the Alpharetta Address. Debtor also testified that at the time of arrest and during his time at the Alpharetta Address, he was subleasing the Franklin Address and receiving mail at that address while residing in Georgia.

Following the hearing, Debtor amended his Statement of Financial Affairs on June 8, 2021 (Doc. No. 41) to disclose prior addresses within the 3 years preceding the petition date. Debtor listed that he lived at 100 Gillespie Drive, Apartment 1203, Franklin, TN 37067 from February 1, 2016 to February 1, 2018 and 3001 Rush Street, Franklin, TN 37067 from February 1, 2018 to

5

May 1, 2018. Debtor also disclosed in the Amended Statement of Financial Affairs that he received $32,000.00 in Social Security benefits in 2019 but removed the benefits previously listed for 2018.

II. LEGAL ANALYSIS

    a. Jurisdiction and Venue

Movant contends dismissal of the case is appropriate because this Court lacks jurisdiction over the case. Movant alleges Debtor lived in Franklin, Tennessee for the ten years preceding the commencement of the bankruptcy case, thus making Tennessee the proper venue for the bankruptcy case. Debtor opposes dismissal on this basis, arguing that venue was proper in this jurisdiction. Debtor also contends dismissal would be inappropriate as the Motion was not filed timely as required by Federal Rule of Bankruptcy Procedure 1014 (the "Bankruptcy Rules").

Despite Movant's insistence at the Hearing that the basis for dismissal is lack of jurisdiction, her arguments at the hearing and in her Motion are properly construed as requests for dismissal based on improper venue. Movant insisted that the basis for the Motion is jurisdictional in nature and described venue as "geographical." June 3, 2021 Hr'g at 1:34:30 P.M. The relevant provision granting jurisdiction to hear a bankruptcy case, 28 U.S.C. § 1334, provides that "district courts shall have original and exclusive jurisdiction of all cases under title 11." This jurisdictional grant does not pertain to where a case is filed geographically. However, Movant's argument is that Debtor "resided . . . in Tennessee for the ten years prior to his filing" this case. June 3, 2021 Hr'g at 1:34:30 P.M. She accuses Debtor of "venue-shopping" and of attempting to avoid creditors in Tennessee by filing in Georgia. *Id.* at 1:42:50 P.M. These arguments have no bearing on whether this Court can hear a case filed under Title 11 pursuant to 28 U.S.C. § 1334. Instead, Movant's "jurisdictional" arguments rest entirely on whether Debtor filed in the proper location.

Movant's arguments are properly construed as challenges to Debtor's choice of venue.

Proper venue for filing a bankruptcy case is established in 28 U.S.C. § 1408, which provides:

> [A] case under title 11 may be commenced in the district court for the district--
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

Bankruptcy Rule 1014(a)(2) governs the manner in which a party may move to dismiss a case for improper venue. That section states:

> If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(2). Venue is presumed proper in the district where the petition is filed, and the moving party bears the burden of proving otherwise by a preponderance of the evidence. *In re Moss*, 249 B.R. 200, 202 (Bankr. W.D. Mo. 2000). Here, Movant failed to carry her burden to rebut the presumption of proper venue. Debtor admitted to living in Tennessee in 2018 and confirmed that the Franklin Address was listed on the bond release documents. However, Debtor testified that he subleased the Franklin Address and moved to Georgia in May of 2018. Debtor testified that he lived at the Alpharetta Address for the two years preceding the commencement of the bankruptcy case. The only contrary evidence offered was Debtor's testimony about the contents of the bond release documents in connection with his arrest, which were not offered into

7

evidence but attached as an exhibit to Movant's Motion.[3] Debtor also testified he signed those documents while in distress at a time that he was under arrest, and the Court found that testimony credible. Debtor's testimony with respect to the bond release documents and with respect to his address in Georgia sufficiently established that he lived in Georgia for 180 days preceding the commencement of his bankruptcy case. Therefore, the Court finds Movant failed to carry her burden of rebutting the presumption that venue is proper with this Court.

Even if Movant had presented sufficient evidence of improper venue, however, the Motion would be denied as untimely. "In order to prevail on a motion to dismiss for improper venue or a motion for a change of venue, the movant's objection to venue must also be timely." *Id.* "[W]hether a motion to change [or dismiss] venue has been timely filed depends on the facts and circumstances presented in the particular case." *Blagg v. Miller (In re Blagg)*, 223 B.R. 795, 802 (10th Cir. B.A.P. 1998). The Court should consider whether "the transfer [or dismissal] would result in fragmentation or duplication of administration, increase expense, or delay closing of the estate" in determining the timeliness of the motion. *Id.*

According to the facts and circumstances of this case, the Court finds that too much has transpired in this case to find the Motion timely. The petition was filed on May 19, 2020, and Movant was properly provided with notice of the filing. The BNC mailed notice of the commencement of the case and the meeting of creditors to Movant on May 22, 2020. Movant filed her first motion to dismiss alleging improper "jurisdiction" on September 30, 2020, over four months later. The first motion was filed after the 341 meeting of creditors was held on June 23, 2020, after the UST filed a notice that the case was not presumed to be an abuse, after the UST

---

[3] Though not formally offered into evidence at the Hearing, the Court fully considered the bond release documents in connection with Debtor's testimony, and the Court is unable to find that those documents provide sufficient evidence to rebut the presumption that Debtor's venue choice is proper.

8

filed a motion to extend deadlines, after that motion was granted, and after the Trustee indicated his investigation of possible recovery of assets. At the hearing on the first motion, Movant withdrew her jurisdiction/venue-related objections, and the first motion was subsequently denied. The next month, Movant filed a second motion requesting dismissal and attempted to renew her "jurisdictional" arguments at the hearing on that motion. The Court denied that motion as well. The Trustee entered a report of no distribution on March 15, 2021, and three days later, the current Motion was filed – 303 days after the case was commenced. Having previously raised virtually identical arguments, which were first waived and later denied, Movant now raises them a third time after the Trustee fully investigated the possibility of assets in the case, and after the UST reviewed the case for possible bases for dismissal or objections to discharge. Movant's latest request for dismissal of the case is untimely.[4]

Moreover, dismissing or transferring venue of the case at this point would not serve the interests of justice or convenience of the parties. *See* Advisory Committee Notes, Fed. R. Bankr. P. 1014(a) ("Subdivision (a) of the rule requires the interest of justice and the convenience of the parties to be the grounds of any transfer of a case or of the retention of a case filed in an improper district as does 28 U.S.C. § 1477."). The Trustee has fully investigated the possibility of assets for the benefit of creditors and the bankruptcy estate, resulting in a report of no assets from the Trustee. Transferring venue of this action to another forum at this point would provide no benefit to any party, as no assets exist for distribution to creditors regardless of where the case is pending.

---

[4] The court in *In re Pickett*, 330 B.R. 866 (Bankr. M.D. Ga. 2005), analyzed various cases, focusing on when motions to dismiss were filed in reference to other major events in the bankruptcy case as well as the movant's notice of the bankruptcy case. The court found that a motion to dismiss could be filed later in a bankruptcy case despite major events such as confirmation or discharge where the movant had received delayed notice of the bankruptcy filing. *Id.* at 869. However, the court denied several motions, finding them untimely where the movant had proper notice and where meetings of creditors had occurred, orders on various motions in the case were entered, reports of no assets were filed, and in many, confirmation hearings or discharge had taken place. *Id.* at 870-71. The same result is appropriate here.

At this stage, no further steps are left in the case other than entry of discharge and closing the case. Further, transfer would result in no greater convenience for Movant. Movant has been able to fully participate in these proceedings notwithstanding Debtor's filing in the Northern District of Georgia as opposed to the Middle District of Tennessee.[5] Movant was permitted to participate telephonically in every hearing before the Court, and with her primary residence in Virginia, Movant would have faced similar obstacles related to long-distance participation in a bankruptcy filing in the Middle District of Tennessee. Finally, any claims Movant holds for domestic support obligations are not subject to discharge in this bankruptcy case, 11 U.S.C. § 523(a)(5), and the Court is not aware of any reason Movant's ability to seek enforcement of nondischargeable domestic support obligations would be impacted by venue of Debtor's bankruptcy case remaining in this Court.[6] Given the advanced stage of this case, coupled with the lack of prejudice to Movant or any other party should the case continue in this forum, the Court finds that transfer or dismissal of the case would result in duplication of administration, increased expense, delayed closing of the estate and would serve neither the interests of justice nor the convenience of the parties. Accordingly, the Motion to dismiss for improper venue will be denied.

    b. "Fraud upon the Court"

Movant also requests dismissal of the case based on what Movant referred to as "fraud upon the court." Movant alleges Debtor misrepresented information in his Schedules such as his primary address, his Social Security benefits, and various other misrepresentations regarding his property and debts. Movant did not provide any statutory or other legal authority to support her request, however, the Court construes the request as a motion to dismiss for "cause" under §

---

[5] The Court takes judicial notice that Franklin, Tennessee lies within the boundaries for the U.S. Bankruptcy Court for the Middle District of Tennessee.

[6] The Court makes no findings that any claim of Movant is in fact a domestic support obligation subject to the provisions of § 523(a)(5) or a claim subject to the provisions of § 523(a)(15).

10

707(a).

Section 707(a) allows a court, in its discretion, to dismiss a case "only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). Although that section provides examples of what constitutes "cause" for dismissal, that list is not exhaustive. *In re Piazza*, 719 F.3d 1253, 1261 (11th Cir. 2013). The Eleventh Circuit found the definition of "cause" in the statute to be expansive, giving it the ordinary meaning of "when adequate or sufficient reason exists" for dismissal. *Id.* at 1262. After concluding that prepetition bad faith falls within this definition, the court in *Piazza* noted that "bad faith does not lend itself to a strict formula" and adopted a totality-of-the-circumstances approach for determining bad faith under § 707(a). *Id.* at 1262, 1271. "Under this inquiry, bad faith is ultimately 'evidenced by the debtor's deliberate acts or omissions that constitute a misuse or abuse of the provisions, purpose, or spirit of the Bankruptcy Code.'" *Id.* at 1272 (citing *McDow v. Smith*, 295 B.R. 69, 74 (E.D. Va. 2003)). Conduct meeting this standard "can include 'prepetition bad-faith conduct,' . . . postpetition bad faith conduct, or petitions that simply serve no legitimate bankruptcy purpose." *In re Krueger*, 812 F.3d 365, 370 (5th Cir. 2016) (citations omitted). However, lack of good faith should not be lightly inferred and found only in "egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a large single debt based upon conduct akin to fraud, misconduct or gross negligence." *Perlin v. Hitachi Cap. Am. Corp.*, 497 F.3d 364, 373 (3d Cir. 2007) (citing *In re Zick*, 931 F.2d 1124, 1129 (6th Cir.1991)). Movant bears the burden of showing "cause" for dismissal under § 707(a). *Piazza*, 719 F.3d at 1266.

The facts and circumstances of this case do not support a dismissal for "cause" under § 707(a). The Court finds *In re Jakovljevic-Ostojic*, 517 B.R. 119, 127 (Bankr. N.D. Ill. 2014) instructive. In that case, the court found that a lack of candor or completeness in filing schedules

11

as required by the Bankruptcy Code can indicate bad faith. *Id.* There, the debtor failed to include a significant amount of debt in her initial schedules, provided false testimony at the 341 meeting of creditors, failed to verify her initial schedules, failed to disclose her housing payment accurately, engaged in extravagant transactions she mislabeled as necessary expenses prior to filing, and failed to disclose payments made to family members within the year preceding the petition. *Id.* at 127-130. For those reasons, the court found the case had been filed and prosecuted in bad faith by the debtor, constituting "cause" for dismissal.

Although Debtor's testimony and amended Schedules filed post-Hearing show some inconsistencies with prior disclosures made in the case, these facts do not amount to the kind of egregious conduct that existed in *Jackovljevic-Ostojic*. Debtor explained that the address listed in the bond release documents, which he later disclosed in the Amended Statement of Financial Affairs, was subleased so that he could move to Georgia for a contract of employment. Debtor admitted the address listed on the bond release documents was the Franklin Address, rather than the Alpharetta Address, despite Debtor's testimony that he lived in Alpharetta at the time of his arrest. The Social Security benefits disclosed were, if anything, overstated in the first Statement of Financial Affairs. These inconsistencies do not imply a scheme to hide assets or to live a lavish lifestyle. No evidence, similar to that in *Jackovljevic-Ostojic*, was presented at the Hearing that Debtor failed to include prepetition transfers to insiders, that Debtor made extravagant transactions, or that Debtor somehow failed to disclose Movant's claim properly. Indeed, Debtor fully disclosed the domestic support obligation owed to Movant, listing the expense in Schedule J, disclosing the arrearage amount of $293,000 in Schedule E/F, and disclosing a prepetition payment for the month of May 2020 in the original Statement of Financial Affairs.

Debtor's testimony at the hearing regarding a contract of employment and sublease of the

12

Franklin Address which prompted his move to Georgia conflicted somewhat with the information disclosed in the Schedules and Statement of Financial Affairs relative to his income. Despite these inconsistencies, the Trustee and the UST had the opportunity to inquire into and review Debtor's finances in connection with the case. Neither raised an issue with Debtor's entitlement to a discharge or an issue that would require dismissal of the case. Moreover, Movant had an opportunity to file an objection to Debtor's discharge for alleged false statements made in the disclosures in the case. Movant elected not to pursue such a remedy but now effectively seeks the same result through dismissal of the case prior to entry of a discharge. *See In re Quinn*, 490 B.R. 607, 617 (Bankr. D.N.M. 2012) ("[A] party cannot substitute a motion to dismiss for 'cause' under 11 U.S.C. § 707(a) for a complaint objecting to the grant of a discharge or objecting to the dischargeability of a particular debt."). Based on the record before it, the Court simply cannot find – based on the totality of the circumstances – that Debtor's prosecution of this case is a fraud on the Court. For those reasons, the Court finds that Movant failed to meet her burden to establish "cause" for dismissal under § 707(a). Accordingly,

**IT IS ORDERED** that the Motion be, and is hereby, **DENIED**.

The Clerk's Office is directed to serve a copy of this Order upon Movant, Debtor, Debtor's counsel of record, the United States Trustee, the Chapter 7 Trustee, and all parties on the mailing matrix.

**END OF DOCUMENT**